**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1556**

JOSEPHINE M. KING,

                 Plaintiff - Appellant,

        v.

ANDREW SAUL, Commissioner of Social Security,

                 Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cv-00001-RJC)

Submitted:  October 31, 2019                          Decided:  December 10, 2019

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George C. Piemonte, Charlotte, North Carolina, Perrie H. Naides, MARTIN, JONES & PIEMONTE, Decatur, Georgia, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Gill P. Beck, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; Amy Rigney, Special Assistant United States Attorney, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josephine M. King appeals from the district court's order granting summary judgment to Defendant in her civil action challenging the denial of disability benefits. On appeal, King contends that the Administrative Law Judge erred in failing to address an apparent conflict between King's residual functional capacity ("RFC") and the vocational expert's ("VE") testimony. We affirm.

An ALJ in a disability-benefits case "has a duty to identify and resolve any apparent conflicts between the DOT and a vocational expert's testimony." *Lawrence v. Saul*, __ F.3d __, 2019 WL 5445048, *2 (4th Cir. Oct. 24, 2019). Thus, the ALJ must ask the VE whether his or her testimony conflicts with the DOT. However, even if the VE answers in the negative, the ALJ "has a duty to independently identify and resolve any apparent conflicts before relying on the expert's testimony." *Id.*

In *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015), we clarified that all "apparent" conflicts must be identified and resolved—that is, "the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the [DOT]." We held that "[a]n ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the [DOT]," and the ALJ has not "fulfilled this duty if he ignores an apparent conflict because the expert testified that no conflict existed." *Id*. at 210.

In this case, the VE testified that, since King's RFC included the ability to perform simple, routine, repetitive tasks, she could work as a counter clerk. The Dictionary of Occupational Titles ("DOT") assigns Reasoning Level 2 to this position. Reasoning Level

2 is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." 1991 WL 688702.

To assess whether an apparent conflict exists, we compare the DOT's "express language" with the VE's testimony. *Lawrence*, 2019 WL 5445048 at *3. In our recent decision in *Lawrence,* we ruled that there is no apparent conflict between a limitation to "simple, routine, repetitive tasks" and the reasoning required by Level 2 occupations. *Id.* & n. 8. Specifically, we ruled that "detailed instructions are, in the main, less correlated with complexity than with length. Instructions often include many steps, each of which is straightforward." *Id.* We thus noted the same difference as outlined by the district court in this case between the ability to *perform* tasks and the ability to *understand* instructions, finding that it was possible to be limited in the former without being limited to the same extent (or at all) in the latter. Further, simple tasks (such as driving directions) could have detailed instructions. *Id.*

We find that *Lawrence* is controlling in this case and, thus, there was no apparent conflict between a limitation to performing only simple routine repetitive tasks and a position requiring the ability to understand and carry out detailed, but uninvolved, instructions.* Accordingly, we affirm the judgment of the district court. We dispense with

---

\* King also argues that the ALJ failed to properly consider and evaluate her mental limitations. However, King did not raise this issue in district court. As such, any argument on this issue is waived, absent exceptional circumstances which King has not attempted to show. *See Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 753-54 (4th Cir. 2016).

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*